# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION


**HARBORAGE MARINA, LLC,**

      **Plaintiff,**

**v.**                                  **Case No. 8:08-cv-1867-T-23TBM**

**WARRIOR, a 1943 81' towing vessel**
**her engines, tackle, apparel and other**
**appurtenances,** *in rem***;**
**TUG WARRIOR, INC.; NORTHSTAR**
**MARINE CORPORATION; and**
**WILLIAM F. HUGHES***, in personam***,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte*. On December 16th, 2009, the

undersigned entered an Order directing counsel for Jerry Turchiaro, an intervening Plaintiff,

to show cause why Mr. Turchiaro's Verified Intervening Complaint (Doc. 33) should not be

dismissed for failure to prosecute the case in general.[1] (Doc. 81). Counsel was also directed

---

[1]By his complaint, Mr. Turchiaro alleges he was employed by the master of the M/V
Warrior ("Warrior") and served as a mechanic/seaman on board the vessel. His claim is for
past wages due and penalty wages against all defendants.

    In September 2009, the court granted Plaintiff's amended motion for interlocutory sale
of the Warrior. (Doc. 62). On September 30, 2009, the court granted Mr. Turchiaro's motion
seeking the arrest of the Warrior without posting security. (Doc. 67). The vessel was sold
October 7, 2009; no objections were filed and the sale was confirmed on October 16, 2009.
(Doc. 74).

    On November 19, 2009, the court conducted a telephone status conference with
counsel for the Plaintiff and counsel for Mr. Turchiaro to address the status of the case given
that the Warrior had been sold and the remaining Defendants had never been served. Counsel
were advised to notify the court within two weeks as to whether or not they wished to proceed

to file a written response to the Order on or before January 8, 2010.  The show cause hearing was conducted on January 14, 2010.

Neither counsel nor Mr. Turchiaro appeared at the hearing.  Nor did counsel file a written response to the Order to Show Cause.  Accordingly, upon due consideration of the file and the alternatives that are available to the court, it is RECOMMENDED that the Verified Intervening Complaint (Doc. 33) filed by Mr. Turchiaro be dismissed with prejudice as against the Warrior and without prejudice as against the *in personam* Defendants, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 3.10, for failure to prosecute as no lesser sanction will suffice.

> Respectfully submitted on this
> 15th day of January 2010.
>
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge
Counsel of record

---

with this cause.  On December 3, 2009, counsel for Plaintiff filed its Notice of Voluntary Dismissal Without Prejudice of its Amended Complaint (Doc. 79) against the *in personam* Defendants, Tug Warrior, Inc., Northstar Marine Corporation, and William F. Hughes. Counsel for Mr. Turchiaro did not file a pleading or otherwise advise the court as to the intent of his client.  After being contacted by the undersigned's law clerk on December 8, 2009, counsel for Mr. Turchiaro indicated that he hoped to file something within a few days. Because nothing was filed with the court, the Order to Show Cause was entered on December 16, 2009.  (Doc. 81).

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.


Copies to:
United States District Judge
Counsel of Record